UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA TOMLINSON &
JT TOMLINSON,

    Plaintiffs,

v().    Case No.  8:25-cv-967-JLB-AAS

P.F. CHANG'S CHINA BISTRO,
INC.,

    Defendant.
_____/

## ORDER

Defendant P.F. Chang's China Bistro, Inc. (PF Chang's) moves to compel Rule 35 physical and neurological examinations of Plaintiff Patricia Tomlinson, and for an extension of time to serve its expert disclosures. (Doc. 17). Ms. Tomlinson failed to respond to the motion, even after being advised that the failure to do so would result in the motion being treated as unopposed.[1] (*See* Doc. 34).

I.    **BACKGROUND**

Ms. Tomlinson alleges that on April 19, 2024, she slipped on a mat in front of the entry/exit door of a PF Chang's located in Sarasota, FL, and fell,

---

[1] *See* Local Rule 3.01(d), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

1

causing permanent injuries. (Doc. 1-2, ¶ 6). As a result of this incident, Ms. Tomlinson alleges severe and permanent injuries, including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, and loss of the capacity for enjoyment of life. (Doc. 1-2).

Based on Ms. Tomlinson's deposition testimony, she is claiming an injury to her left wrist, right shoulder, right knee, lumbar spine, and neurological impairments, causing headaches and memory loss. (*See* Doc. 33-2, pp. 36: 3-10; 36: 19-21; 43:3- 22; 44: 22-25; 45: 1-14; 46: 1-11; 52: 1-7; 92: 17-21; 93: 4-25; 94:1-4; Doc. 1-6). PF Chang's requests that its orthopedic expert, Matthew Johnston, D.O., and neurologist, Robert Martinez, M.D., conduct examinations of Ms. Tomlinson. (Doc. 33). As stated above, Ms. Tomlinson failed to respond.

## II. DISCUSSION

Rule 35(a) requires a party to file a motion demonstrating good cause and allows the court to enter an order for a physical or mental examination when a party's mental or physical condition "is in controversy." Fed. R. Civ. P. 35(a)(1). Ms. Tomlinson sues PF Chang's for injuries allegedly incurred at its restaurant. Ms. Tomlinson's physical and mental condition is in controversy, and good cause exists for a physical examination.

Federal Rule of Civil Procedure 35(a) requires a party requesting to compel such an examination to specify "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform

it." Fed. R. Civ. P. 35(a)(2). PF Chang's motion contains the requisite criteria. Specifically, PF Chang's requests to schedule Rule 35 medical examinations of Ms. Tomlinson as follows:

> 1. **Name of Physician**: Matthew Johnston, DO
> **Specialty**: Orthopedic Surgeon
> **Manner & Scope**: Non-invasive examination and testing of Ms. Tomlinson's left wrist, right knee right shoulder, and lumbar spine injuries or complaints alleged in this case.
> **Location**: 2954 Mallory Circle, Suite 101 Kissimmee, Florida 34747
> **Date and Time**: November 12, 2025, at 3:30 p.m.
>
> 2. **Name of Physician**: Robert Martinez
> **Specialty**: Neurologist
> **Manner & Scope**: Non-invasive examination and testing of Ms. Tomlinson's neurological conditions, including headaches and memory loss, as well as any other neurological complaints alleged in this case.
> **Location**: 402 W. Dr. Martin Luther King, Tampa, Florida, 33603
> **Date and Time**: November 13, 2025, at 9:45 a.m.

Dr. Johnston and Dr. Martinez may conduct these examinations of Ms. Tomlinson and order any necessary diagnostic studies to formulate comprehensive and complete opinions on the proposed date, time, and location. *Tarte v. United States*, 249 F.R.D. 856 (S.D. Fla. 2008) (requiring that the plaintiff submit to X-rays and MRIs that were reasonably necessary for the examining physicians to assess the extent of the plaintiff's injuries).

PF Chang's also requests that the court prohibit the presence of any third parties, including counsel, a court reporter, or a videographer, during the medical examinations, as there is no good cause for such attendance. The

plaintiff has the burden to show good cause to warrant upsetting the "level playing field" intended to be recognized by Rule 35. *Clark v. Palmer*, No. 2:07-CV-165-FTM-29SPC, 2008 WL 11334930, at *2 (M.D. Fla. Mar. 18, 2008) ("The presence of a videographer would simply be an unnecessary distraction to Dr. Schulak's examination. There is simply no good cause to have a videographer present during the examination. Therefore, the Motion to preclude everyone except the examining physician and the Plaintiff is granted"). Ms. Tomlinson alleges she slipped and fell on a mat at a PF Chang's restaurant. There are no complex issues surrounding the facts of the case to establish good cause for videotaped examinations or for other third parties to be present. Thus, Ms. Tomlinson must appear for the Rule 35 examinations without the presence of any third parties, including counsel, a court reporter, or a videographer.

Finally, under Federal Rule of Civil Procedure 6(b)(1)(A), the court may extend deadlines "for good cause" when a request is made before the time expires. *See Gray v. State of Florida, Dept. of Juvenile Justice*, No. 3:06-cv-990-J-20MCR, 2007 WL 2225815, at *1 (M.D. Fla. July 31, 2007). PF Chang acted diligently in retaining its medical experts and coordinating Ms. Tomlinson's Rule 35 examinations, which are scheduled for November 12, 2025, and November 13, 2025. The current expert disclosure deadline is November 14, 2025. (Doc. 21). This does not allow sufficient time for PF Chang's experts to complete their examinations, review medical records, and prepare compliant

4

expert reports under Rule 26(a)(2). Thus, a brief 20-day extension is warranted.

### III.   CONCLUSION

Accordingly, PF Chang's motion for Rule 35 examinations and extension to serve expert disclosures (Doc. 33) is **GRANTED**:

(1)   Ms. Tomlinson must appear for a physical examination by PF Chang's orthopedic expert, Matthew Johnston, D.O., on November 12, 2025, at 3:30 p.m. at the location specified above. No videographer or other third party may be present during the examination.

(2)   Ms. Tomlinson must appear for a physical examination by PF Chang's neurology expert, Robert Martinez, M.D., on November 13, 2025, at 9:45 a.m. at the location specified above. No videographer or other third party may be present during the examination.

(3)   PF Chang's may serve its Rule 26(a)(2) expert reports by December 5, 2025.

**ORDERED** in Tampa, Florida, on November 3, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

5