UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA TOMLINSON &
JT TOMLINSON,

     **Plaintiffs,**

v.                          **Case No.  8:25-cv-967-JLB-AAS**

P.F. CHANG'S CHINA BISTRO,
INC.,

     **Defendant.**
_____/

## ORDER

Plaintiff Patricia Tomlinson moves for a protective order as to her court-ordered Rule 35 compulsory medical examination (CME). (Doc. 36). Defendant P.F. Chang's China Bistro, Inc. (P.F. Chang's) opposes the motion and requests reimbursement of attorney's fees and its medical expert's expenses due to Ms. Tomlinson's failure to appear for her ordered examination. (Doc. 37). In addition, P.F. Chang's moves for extensions of certain case management deadlines. (Docs. 37, 40).

## I.   BACKGROUND

Ms. Tomlinson alleges that on April 19, 2024, she slipped on a mat in front of the entry/exit door of a P.F. Chang's located in Sarasota, FL, and fell, causing permanent injuries. (Doc. 1-2, ¶ 6). Because of this incident, Ms.

1

Tomlinson alleges severe and permanent injuries, including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, and loss of the capacity for enjoyment of life. (Doc. 1-2).

On October 22, 2025, P.F. Chang's filed a motion for Rule 35 CMEs of Ms. Tomlinson. (Doc. 33). P.F. Chang's motion cited to numerous unsuccessful attempts between October 10, 2025, and October 21, 2025, to coordinate Ms. Tomlinson's availability for the CMEs. (Doc. 33-1). On October 23, 2025, the court ordered Ms. Tomlinson to respond to the P.F. Chang's motion for Rule 25 examinations by October 30, 2025. (Doc. 34). Ms. Tomlinson did not respond. On November 3, 2025, the court granted P.F. Chang's motion for Rule 35 CMEs and ordered Ms. Tomlinson to appear for:

> a. an orthopedic examination by Dr. Matthew Johnston on November 12, 2025, at 3:30p.m. at 2954 Mallory Circle, Suite 101, Kissimmee, FL 34747; and
>
> b. a neurological examination by Dr. Robert Martinez on November 13, 2025, at 9:45 a.m. at 402 W. Dr. Martin Luther King, Tampa, FL 330603.

(Doc. 35).

On November 11, 2025, less than 24 hours before the scheduled exam, Ms. Tomlinson's counsel forwarded a "Health Status Certificate" from Dr. Robert E. Ford, a physician not identified in this litigation. (*See* Doc. 37-2). The note only states that "[Ms. Tomlinson] is unable to travel more than 30 minutes at the present time due to anxiety." (*Id.*). That same day, Ms. Tomlinson filed

the instant motion for a protective order regarding her CME with Dr. Johnston, as his office is more than 30 minutes away in Kissimmee, Florida. (Doc. 36). In response, P.F. Chang's requests that the court deny Ms. Tomlinson's motion, direct her to appear for the ordered compulsory examinations with Dr. Johnston (or another physician if available sooner than Dr. Johnston), order sanctions against Ms. Tomlinson for her non-compliance with this court's November 13, 2025 order, and extend certain case management deadlines. (Docs. 37, 40).

## II.   DISCUSSION

### A.   Motion for Protective Order

A motion for protective order under Federal Rule of Civil Procedure 26(c) is intended to shield a party from undue burden or oppression in discovery – not to circumvent a duly entered court order. The party moving for a protective order bears the burden of demonstrating its necessity. *Wilcox v. La Pensee Condo. Ass'n*, 603 F. Supp. 3d 1291 (S.D. Fla. 2022); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Additionally, the court must "balance the interests of those requesting the [protective] order." *McCarthy v. Barnett Bank of Polk City*, 876 F.2d 89, 91 (11th Cir. 1989).

As an initial matter, Dr. Ford's note contains no objective basis, explanation, or duration for the alleged travel limitation. No other records

corroborate these claims. Such a conclusory note does not establish "good cause" required by Rule 26(c). In addition, Ms. Tomlinson did not respond to P.F. Chang's motion for Rule 35 CMEs or object to the court's November 3, 2025 order directing Ms. Tomlinson that she must attend these CMEs. (Doc. 35). Ms. Tomlinson's belated refusal to attend her court-ordered CMEs has prejudiced P.F. Chang's by hindering its ability to defend against this action and disrupting the case management deadlines. A protective order is not warranted in this case.

As stated in the court's November 3, 2025 order, Ms. Tomlinson *must* attend a CME with Dr. Johnston at 2954 Mallory Circle, Suite 101, Kissimmee, FL 34747, at a mutually agreed-upon date and time between December 2025 and February 2026.[1] If Ms. Tomlinson has not presented for her CME with Dr. Robert Martinez, she must also appear for that CME within the December 2025 through February 2026 timeframe.

### B.    Sanctions

Ms. Tomlinson's failure to comply with the court's November 3, 2025 order constitutes noncompliance with a discovery order under Federal Rule of Civil Procedure 37(b). *See McDaniel v. Burlington Coat Factory of Florida,*

---

[1] According to P.F. Chang's, Dr. Johnston is not available until mid-January 2026 to February 2026. (Doc. 40, p. 5). The parties are free to agree to another CME provider, if one is available sooner.

*LLC*, No. 0:16-cv-62739, 2017 WL 6611541, at *2 (S.D. Fla. Dec. 27, 2017 (recognizing the court's authority to impose fees and sanctions where a party fails to appear for a scheduled Rule 35 examination). The court may impose sanctions, including entering an order that the matters regarding which the order was made or any other designated facts to be taken are established for the purposes of the action in accordance with the claim of the party obtaining the order, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings in whole or in part, dismissing the action, or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A). The court may also require the party or counsel to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(b)(2)(C).

Compliance with a discovery order is mandatory, and the burden of the resulting costs must rest with the party whose disregard necessitated additional expense. Ms. Tomlinson must pay the cancellation fee resulting from Ms. Tomlinson's failure to attend the November 12, 2025 examination.[2] In addition, Ms. Tomlinson must pay P.F. Chang's its reasonable attorney's fees incurred in responding to the motion for protective order and other

---

[2] P.F. Chang's Notice of Compulsory Medical Examination expressly advised that any cancellation within three days of the scheduled appointment would result in Ms. Tomlinson being responsible for the examiner's cancellation fee. (Doc. 37-3, p. 2).

reasonable time incurred because Ms. Tomlinson failed to attend the court-ordered CME.[3] Because Ms. Tomlinson is still required to attend a CME with Dr. Johnston, Ms. Tomlinson will not be responsible for the time and expenses incurred by Dr. Johnston in preparing for the examination. If the parties choose to schedule the CME with a physician who is available sooner than Dr. Johnston, then P.F. Chang's may request reimbursement of Dr. Johnston's time preparing for the November 12, 2025 examination.

### C.    Case Management Extensions

Under Federal Rule of Civil Procedure 6(b), the court, for good cause shown, may order the extension of deadlines if the request is made before the expiration of the period prescribed initially. *See Gray v. State of Fla.*, No. 3:06-CV-990-J-20MCR, 2007 WL 2225815, at *3 (M.D. Fla. July 31, 2007). Under these circumstances, the court finds good cause to extend specific case management deadlines that were affected by Ms. Tomlinson's failure to attend her court-ordered CME. Thus, P.F. Chang's expert disclosure deadline, Ms. Tomlinson's expert rebuttal deadline, the discovery deadline, and the dispositive and *Daubert* motions deadline will be extended.

### III.   CONCLUSION

Accordingly, it is **ORDERED**:

---

[3] The court warns Ms. Tomlinson that future failures to comply with discovery orders may result in greater sanctions. *See* Fed. R. Civ. P. 41(b).

(1)    Ms. Tomlinson's motion for protective order is **DENIED**. Ms. Tomlinson must appear for a CME before Dr. Johnston at a mutually agreeable date and time by **February 27, 2026**.[4]

(2)    P.F. Chang's is awarded its reasonable costs and expenses incurred as a result of Ms. Tomlinson's failure to attend the November 12, 2025 CME with Dr. Johnston, including the cancellation fee and P.F. Chang's reasonable attorney's fees incurred in responding to the motion for protective order and otherwise addressing the resulting delay. The parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses. If the parties cannot agree, P.F. Chang's may file a motion with supporting documentation.

(3)    P.F. Chang's motion for an extension of specific case management deadlines (Doc. 40) is **GRANTED**. P.F. Chang's expert disclosure deadline is extended to **March 16, 2026**. Ms. Tomlinson's expert rebuttal deadline is extended to **March 31, 2026**. The discovery deadline is extended to **April 17, 2026**. The dispositive and *Daubert* motions deadline is extended to **May 15, 2026**. All other deadlines remain in effect.

---

[4] If Ms. Tomlinson also did not attend her court-ordered CME with Dr. Martinez, she must also do so within the same timeframe. The parties have the option of agreeing to CMEs with physicians available sooner than Dr. Johnston and Dr. Martinez.

**ORDERED** in Tampa, Florida, on December 9, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge