UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA TOMLINSON &
JT TOMLINSON,

    Plaintiffs,

v.                                    Case No.   8:25-cv-967-JLB-AAS

P.F. CHANG'S CHINA BISTRO,
INC.,

    Defendant.
_____/

## ORDER

Defendant P.F. Chang's China Bistro, Inc. (P.F. Chang's) moves to compel Plaintiff Patricia Tomlinson to respond to its requests for production. (Doc. 38). When Ms. Tomlinson failed to timely respond to the motion, the court directed a response by December 9, 2025. (Doc. 39). The court warned Ms. Tomlinson that the failure to respond by the extended deadline would result in the motion being treated as unopposed.[1] (*Id.*). To date, no response has been filed.

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed.

---

[1] *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

1

R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that are relevant to the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985). P.F. Chang's discovery requests seek information that is relevant and proportional to its defense of this action.

Accordingly, P.F. Chang's motion to compel (Doc. 38) is **GRANTED**. By **December 19, 2025**, Ms. Tomlinson must provide responses to P.F. Chang's requests for production. P.F. Chang's reasonable attorney's fees and expenses incurred in bringing this motion are awarded against Ms. Tomlinson.[2] The parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses that P.F. Chang's incurred in relation to this

---

[2] Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, the court "must" require the opposing party to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion.

motion. If the parties cannot agree, P.F. Chang's may file a motion with supporting documentation.

**ORDERED** in Tampa, Florida, on December 10, 2025.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge